**Eliot M. Harris, OSB #116968**
WILLIAMS, KASTNER & GIBBS PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967
Fax: (503) 222-7261
eharris@williamskastner.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CENTURY SURETY COMPANY**, an Ohio corporation; **UNITED SPECIALTY INSURANCE COMPANY**, a Delaware corporation,<br><br>                    Plaintiffs,<br><br>        v.<br><br>**KEYWAY CORP.**, an Oregon corporation; and **COMMONS AT CEDAR MILL, LLC**, an Oregon limited liability company,<br><br>                    Defendants. | Case No.<br><br>PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT<br><br>28 U.S.C. §1332 |

## I.  PARTIES

1.1    Plaintiff Century Surety Company (hereinafter "Century") is an Ohio corporation with its principal place of business in Michigan.

Page 1 -    PLAINTIFFS' COMPLAINT FOR
           DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

1.2     Plaintiff United Specialty Insurance Company (hereinafter "United Specialty") is a Delaware corporation with its principal place of business in Texas.

1.3     Upon information and belief, Defendant Keyway Corp. (hereinafter "Keyway") is an Oregon corporation, duly authorized to conduct business as a construction contractor.

1.4     Upon information and belief, Defendant Commons at Cedar Mill, LLC ("Cedar Mill") is an Oregon Limited liability company and the owner of the land and improvements commonly known as the Commons at Timber Creek, located at 12450 NW Barnes Road, Portland, OR 97229 (hereinafter the "Project").

## II. VENUE AND JURISDICTION

2.1     The U.S. District Court of Oregon has jurisdiction pursuant to 28 U.S.C. §1332. There is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

2.2     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claim occurred, and the real property that is the subject of this action is, in Multnomah County, Oregon.

## III. FACTS

### A.     The Insurance Policies

3.1     Century issued a Commercial Lines Policy No. CCP583840 to Keyway with a policy period of February 10, 2009 to February 10, 2010 (hereinafter "09-10 Policy"). Attached hereto as **Exhibit A** is a copy of the 09-10 Policy.

Page 2 -    PLAINTIFFS' COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

3.2     Century and United Specialty did not issue a policy to Keyway that provided coverage between February 10, 2010 and February 10, 2011. Upon information and belief, Keyway was insured by another insurer during this period of time.

3.3     Century issued a Commercial Lines Policy No. CCP690343 to Keyway with a policy period of February 11, 2011 to February 10, 2012 (hereinafter "11-12 Policy"). Attached hereto as **Exhibit B** is a copy of the 11-12 Policy.

3.4     Century issued a Commercial Lines Policy No. CCP745696 to Keyway with a policy period of February 10, 2012 to February 10, 2013 (hereinafter "12-13 Policy"). Attached hereto as **Exhibit C** is a copy of the 12-13 Policy.

3.5     Century issued a Commercial Lines Policy No. CCP799130 to Keyway with a policy period of February 10, 2013 to February 10, 2014 (hereinafter "2013 Policy"). Attached hereto as **Exhibit D** is a copy of the 2013 Policy. The 2013 Policy was rewritten on July 31, 2013, by United Specialty.

3.6     United Specialty issued a Commercial Lines Policy No. CCP400607 to Keyway with a policy period of August 1, 2013 to February 10, 2014 (hereinafter "13-14 Policy"). Attached hereto as **Exhibit E** is a copy of the 13-14 Policy.

3.7     The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy each contain limits of insurance of $1,000,000 per occurrence, $2,000,000 for products-completed operation aggregate, and $2,000,000 general aggregate.

3.8     The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy each contained a $2,500 deductible per occurrence.

Page 3 -     PLAINTIFFS' COMPLAINT FOR
             DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

3.9    The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14

Policy each contained form CG 00011207, which provided Commercial General Liability

Coverage, and contained the following relevant policy language:

### SECTION I — COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.  Insuring Agreement**

**a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)**  The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

**(2)**  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.

**b.**  This insurance applies to "bodily injury" and "property damage" only if:

**(1)**  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**  The "bodily injury" or "property damage" occurs during the policy period; and

**(3)**  Prior to the policy period, no insured listed under Paragraph 1. of Section II — Who Is An Insured and no "employee" authorized by you to give or

Page 4 -    PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II — Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II — Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

   (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

   (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

   (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

* * *

2.  **Exclusions**

This insurance does not apply to:

* * *

   b. **Contractual Liability**

   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of

PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

    **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

    **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

**j.  Damage To Property**

"Property damage" to:

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)** Property loaned to you;

**(4)** Personal property in the care, custody or control of the insured;

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or

Page 6 -  PLAINTIFFS' COMPLAINT FOR
                DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1)**, **(3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III — Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

Page 7 -    PLAINTIFFS' COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\* \* \*

## SECTION III — LIMITS OF INSURANCE

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

**a.** Insureds;

**b.** Claims made or "suits" brought; or

**c.** Persons or organizations making claims or bringing "suits".

**2.** The General Aggregate Limit is the most pay for the sum of:

**a.** Medical expenses under Coverage **C**;

**b.** Damages under Coverage **A**, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

**c.** Damages under Coverage **B**.

Page 8 -   PLAINTIFFS' COMPLAINT FOR
           DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

3. The Products -Completed Operations Aggregate Limit is the most we will pay under Coverage **A** for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

4. Subject to Paragraph **2.** above, the Personal and Advertising Injury Limit is the most we will pay under Coverage **B** for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

5. Subject to Paragraph **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   a. Damages under Coverage **A**; and

   b. Medical expenses under Coverage **C** because of all "bodily injury" and "property damage" arising out of any one "occurrence".

6. Subject to Paragraph **5.** above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage **A** for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

7. Subject to Paragraph **5.** above, the Medical Expense Limit is the most we will pay under Cove rage **C** for all medical expenses because of "bodily injury" sustained by any one person.

   The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

* * *

**SECTION IV — COMMERCIAL GENERAL LIABILITY CONDITIONS**

* * *

Page 9 -    PLAINTIFFS' COMPLAINT FOR
           DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

### 4. Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

#### a. Primary Insurance

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

#### b. Excess Insurance

**(1)** This insurance is excess over:

**(a)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

**(i)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

**(ii)** That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

**(iii)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

**(iv)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** — Coverage **A** — Bodily Injury And Property Damage Liability.

**(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

**(2)** When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

**(3)** When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(a)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(b)** The total of all deductible and self insured amounts under all that other insurance.

**(4)** We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c.  Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

\* \* \*

**SECTION V — DEFINITIONS**

\* \* \*

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

**b.** You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

**9.** "Insured contract" means:

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement;

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

**(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

**(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

    **(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

**(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated   exposure to substantially the same general harmful conditions.

\* \* \*

**16.** "Products-completed operations hazard":

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)** Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created

Page 13 -   PLAINTIFFS' COMPLAINT FOR
           DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

by the "loading or unloading" of that vehicle by any insured;

    **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

    **(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products completed operations are subject to the General Aggregate Limit.

\* \* \*

**17.** "Property damage" means:

  **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\* \* \*

**21.** "Your product":

  **a.** Means:

    **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

      **(a)** You;

      **(b)** Others trading under your name; or

      **(c)** A person or organization whose business or assets you have acquired; and

Page 14 -   PLAINTIFFS' COMPLAINT FOR
               DECLARATORY JUDGMENT

      **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.** Includes:

      **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

      **(2)** The providing of or failure to provide warnings or instructions.

    **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

  **22.** "Your work":

    **a.** Means:

      **(1)** Work or operations performed by you or on your behalf; and

      **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes:

      **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

      **(2)** The providing of or failure to provide warnings or instructions.

CG 00011207.

    3.10    The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy each contained form CBL 1901 0408, which contains the following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CONTRACTORS AMENDATORY ENDORSEMENT**

Page 15 -  PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

**A.** It is agreed that SECTION IV — COMMERCIAL GENERAL LIABILITY CONDITIONS is changed as follows:

    **1.** Item **4.** Other Insurance is deleted and entirely replaced by the following:

**Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

    **a.** This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

    **b.** When this insurance is excess, we will have no duty under Coverage A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

    **c.** When this insurance is excess over other insurance, we will pay only our share of the amount of loss, if any, that exceeds the sum of:

        **(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

        **(2)** The total of all deductible and self insured amounts under all that other insurance.

\* \* \*

**B.** It is agreed that the following changes are made to **SECTION V — DEFINITIONS**:

Page 16 -  PLAINTIFFS' COMPLAINT FOR
              DECLARATORY JUDGMENT

The following definitions are deleted and entirely replaced:

\* \* \*

**2.** Item **9.** "Insured contract" is deleted in its entirety and replaced by the following:

"Insured contract" means:

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement;

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

**(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

**(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

Page 17 -   PLAINTIFFS' COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

**(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

**(4)** That indemnifies another for the sole negligence of such other person or organization.

3.   Item **13.** "Occurrence" is deleted in its entirety and replaced with the following:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

5.   Item **17.** "Property Damage" is deleted in its entirety and replaced with the following.

"Property damage" means:

**a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

Page 18 -   PLAINTIFFS' COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

      **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

For the purposes of this insurance, "property damage" is not physical injury to tangible property, any resultant loss of use of tangible property, nor loss of use of tangible property that is not physically injured that arises out of failure to complete or abandonment of "your work".

CBL 1901 0408.

      3.11    The 09-10 Policy contains form CBL 1902 0708, which contains the following relevant policy language:

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE LIMITATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

**Section I — Coverages, Coverage A Bodily Injury and Property Damage Liability**, Item **1**, **Insuring Agreement** is changed as follows:

Paragraph **b.** is deleted and entirely replaced by the following:

Page 19 -  PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

      **(3)** The "bodily injury" or "property damage":

        **(a)** did not first exist, or first occur, in whole or in part, prior to the inception date of this policy; or

        **(b)** was not, nor is alleged to have been, in the process of taking place prior to the inception date of this policy, even if the actual or alleged "bodily injury" or "property damage" continues during this policy period; or

        **(c)** was not caused by any construction defect or condition which resulted in "bodily injury" or "property damage" which first existed, prior to the effective date of this policy;

      **(4)** Prior to the policy period, no insured listed under Paragraph 1. of Section II — Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

CBL 1902 0708.

    3.12    The 11-12 Policy contains form CBL 1902 1110, which contains the following relevant policy language:

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE LIMITATION

Page 20 -  PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

**Section I — Coverages, Coverage A Bodily Injury and Property Damage Liability**, Item **1**, **Insuring Agreement** is changed as follows:

Paragraph **b.** is deleted and entirely replaced by the following:

**b.** This insurance applies to "bodily injury" and "property damage" only if:

   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

   **(3)** The "bodily injury" or "property damage":

     **(a)** did not first exist, or first occur, in whole or in part, prior to the inception date of this policy; or

     **(b)** was not, nor is alleged to have been, in the process of taking place prior to the inception date of this policy, even if the actual or alleged "bodily injury" or "property damage" continues during this policy period; or

     **(c)** was not caused by any construction defect or condition which first existed prior to the effective date of this policy;

   **(4)** Prior to the policy period, no insured listed under Paragraph 1. of Section II — Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

CBL 1902 1110.

3.13    The 12-13 Policy contains form CGL 1863 0311, which contains the following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE LIMITATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following change is made to **Section I — Coverages, Coverage A, Bodily Injury and Property Damage Liability**, item **1**., **Insuring Agreement**, paragraph **b.**:

Paragraph **b.** is deleted and entirely replaced by the following:

**b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)** The "bodily injury" or "property damage":

        **(a)** Did not first exist, or first occur, in whole or in part, prior to the inception date of this policy; or

        **(b)** Was not, nor is alleged to have been, in the process of taking place prior to the inception date of this policy, even if the actual or alleged "bodily injury" or "property damage" continues during this policy period.

    **(4)** Prior to the policy period, no insured listed under paragraph 1. of Section II — Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If

Page 22 -  PLAINTIFFS' COMPLAINT FOR
          DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

All other terms and conditions of this policy remain unchanged.

CGL 1863 0311.

3.14    The 2013 Policy and the 13-14 Policy contain form CGL 1863 0312,

which contains the following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE LIMITATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following change is made to **Section I — Coverages, Coverage A, Bodily Injury and Property Damage Liability**, item **1**, **Insuring Agreement**, paragraph **b.**:

Paragraph **b.** is deleted and entirely replaced by the following:

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** The "bodily injury" or "property damage":

**(a)** Did not first exist, or first occur, in whole or in part, prior to the inception date of this policy; or

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

    **(b)** Was not, nor is alleged to have been, in the process of taking place prior to the inception date of this policy, even if the actual or alleged "bodily injury" or "property damage" continues during this policy period.

    **(4)** Prior to the policy period, no insured listed under paragraph 1. of Section II — Who Is An Insured or "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

All other terms and conditions of this policy remain unchanged.

CGL 1863 0312.

    3.15    The 09-10 Policy contains form CBL 1903 0408, which contains the following relevant policy language:

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### EXCLUSION – MOLD

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

The following exclusions are added to **Section I — Coverages, Coverage A Bodily Injury And Property Damage Liability and to Coverage B Personal And Advertising Injury Liability**:

This insurance does not apply to:

**Mold, Fungi, Virus, Bacteria, Air Quality, Contaminants, Minerals or Other Harmful Materials**

Page 24 -  PLAINTIFFS' COMPLAINT FOR
                DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

**a.** "Bodily injury", "property damage", or "personal and advertising injury" arising out of, caused by, or contributed to in any way by the existence, growth, spread, dispersal, release, or escape of any mold, fungi, lichen, virus, bacteria or other growing organism that has toxic, hazardous, noxious, pathogenic, irritating or allergen qualities or characteristics. This exclusion applies to all such claims or causes of action, including allegations that any insured caused or contributed to conditions that encouraged the growth, depositing or establishment of such colonies of mold, lichen, fungi, virus, bacteria or other living or dead organism; or

**b.** "Bodily injury", "property damage", or "personal and advertising injury" arising out of, caused by, or alleging to be contributed to in any way by any toxic, hazardous, noxious, irritating, pathogenic or allergen qualities or characteristics of indoor air regardless of cause; or

**c.** "Bodily injury", "property damage", or "personal and advertising injury" arising out of, caused by, or alleging to be contributed to in any way by any insured's use, sale, installation or removal of any substance, material, or other product that is either alleged or deemed to be hazardous, toxic, irritating, pathogenic or noxious in any way, or contributes in any way to an allergic reaction; or

**d.** "Bodily injury", "property damage", or "personal and advertising injury" arising out of, caused by, or alleging to be contributed to in any way by toxic or hazardous properties of minerals, animal or avian wastes or feces or other substances.

CBL 1903 0408.

3.16    The 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy each contained form CBL 1903 0610, which contains the following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**MOLD, FUNGI, VIRUS, BACTERIA, AIR QUALITY, CONTAMINANTS, MINERALS OR OTHER HARMFUL MATERIALS EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Page 25 -   PLAINTIFFS' COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

In consideration of the premium charged the following changes are made to this policy:

The following exclusions are added to **Section I — Coverages, Coverage A Bodily Injury And Property Damage Liability and to Coverage B Personal And Advertising Injury Liability**:

This insurance does not apply to:

**Mold, Fungi, Virus, Bacteria, Air Quality, Contaminants, Minerals or Other Harmful Materials**

   **a.** "Bodily injury", "property damage", or "personal and advertising injury" arising out of, caused by, or contributed to in any way by the existence, growth, spread, dispersal, release, or escape of any mold, fungi, lichen, virus, bacteria or other growing organism that has toxic, hazardous, noxious, pathogenic, irritating or allergen qualities or characteristics. This exclusion applies to all such claims or causes of action, including allegations that any insured caused or contributed to conditions that encouraged the growth, depositing or establishment of such colonies of mold, lichen, fungi, virus, bacteria or other living or dead organism; or

   **b.** "Bodily injury", "property damage", or "personal and advertising injury" arising out of, caused by, or alleging to be contributed to in any way by any toxic, hazardous, noxious, irritating, pathogenic or allergen qualities or characteristics of indoor air regardless of cause; or

   **c.** "Bodily injury", "property damage", or "personal and advertising injury" arising out of, caused by, or alleging to be contributed to in any way by any insured's use, sale, installation or removal of any substance, material, or other product that is either alleged or deemed to be hazardous, toxic, irritating, pathogenic or noxious in any way, or contributes in any way to an allergic reaction; or

     **d.** "Bodily injury", "property damage", or "personal and advertising injury" arising out of, caused by, or alleging to be contributed to in any way by toxic or hazardous properties of minerals, animal or avian wastes or feces or other substances.

CBL 1903 0610.

Page 26 -   PLAINTIFFS' COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

3.17    The 09-10 Policy and 11-12 Policy contains form CBL 1910 0508, which

contains the following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION - WEATHER-RELATED WATER DAMAGE TO WORK IN PROGRESS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

The following exclusions are added to **Section I — Coverages, Coverage A Bodily Injury And Property Damage Liability and to Coverage B Personal And Advertising Injury Liability**:

This insurance does not apply to:

**Weather-Related Water Damage To Work In Progress**

Claims arising out of "property damage" to any building or structure or to any property within such building or structure before "your work" is completed resulting from, caused by or arising out of water (for the purposes of this exclusion, water means rain, hail, sleet or snow) entering through an opening created during the course of "your work". However, this exclusion does not apply if the insured:

**a.** Checked and documented weather reports on the day work was being done to make sure that adverse weather was not predicted; and

**b.** Installed an appropriate water proof covering of any opening that is left unfinished prior to leaving the work site. For the purposes of this exclusion an appropriate waterproof covering is a properly installed waterproof covering that is consistent with what is customarily used within the industry as a best practice to avoid weather related water damage.

CBL 1910 0508.

Page 27 -   PLAINTIFFS' COMPLAINT FOR
            DECLARATORY JUDGMENT

3.18    The 12-13 Policy, 2013 Policy and 13-14 Policy each contain form CBL

1910 1011, which contains the following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION - WEATHER-RELATED WATER DAMAGE TO WORK IN PROGRESS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

The following exclusions are added to **Section 1 — Coverages, Coverage A Bodily Injury and Property Damage Liability**:

This insurance does not apply to:

**Weather-Related Water Damage to Work in Progress**

Claims, arising out of "property damage" to any building or structure or to any property within such building or structure, before "your work" is completed resulting from, caused by or arising out of precipitation or any other form of moisture, during the course of "your work".

However, this exclusion does not apply if:

**a.** From the standpoint of a reasonable observer, precipitation was not expected between the commencement and completion of work; and

**b.** You or anyone acting on your behalf prior to:

**1.** the commencement of any precipitation; or

**2.** leaving the work site for any reason properly installed a tarpaulin, waterproof canvas or similar reinforced waterproof covering over any opening or surface that had not received its final weather tight finish. For the purposes of this exclusion, properly installed means sufficient to protect from weather related water damage.

All other terms and conditions of this policy remain unchanged.

Page 28 -   PLAINTIFFS' COMPLAINT FOR
            DECLARATORY JUDGMENT

CBL 1910 1011.

    3.19   The 09-10 Policy contains form CGL 1860 0408, which contains the

following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE
READ IT CAREFULLY.**

**SUBCONTRACTOR MANAGEMENT**

This endorsement modifies insurance provided under the
following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that this insurance was issued upon the express
warranty by the insured that they manage the work performed on
their behalf by subcontractors by doing the following:

  **1.**  Obtain certificates of insurance with limits of liability equal to
or greater than those provided by this policy from all
subcontractors prior to commencement of any work performed
for the insured; and

  **2.**  the Insured is named as additional insured on all subcontractors
general liability policies; and

  **3.**  the Insured confirms that the subcontractors' insurance policies
are valid and have not been cancelled prior to commencement
of any work by the subcontractors performed for the insured.

CGL 1860 0408.

    3.20   The 11-12 Policy contains form CBL 1926 0710, which contains the

following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE
READ IT CAREFULLY.**

**SUBCONTRACTORS - CONDITIONAL
DEDUCTIBLE LIABILITY INSURANCE**

This endorsement modifies insurance provided under the
following:

Page 29 -  PLAINTIFFS' COMPLAINT FOR
              DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Coverage | Amount and Basis of Deductible | |
|---|---|---|
| | **PER CLAIM** | **PER OCCURRENCE** |
| Bodily Injury Liability and/or Property Damage Liability Combined | $                              or | $ 15,000 |

**A.** If, at the time of an "occurrence" that involves a subcontractor working on your behalf, any of the below conditions are not met with regard to such subcontractor:

    **1**   A valid certificate of insurance was on file with you at the time the work was completed for occurrence coverage that is at least as broad as this policy, and you can produce that certificate for us when we ask for it; and

    **2.**  That the certificate of insurance was with an insurance company with an A.M. Best rating of A- or better at the time of certificate issuance; and

    **3.**  The limits on the certificate were equal to or greater than this policy; and

    **4.**  You were named as an additional insured on the subcontractor's policy for both ongoing operations and "products-completed operations hazard";

our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule arising out of any covered acts of such subcontractor working for you or on your behalf.

**B.** The deductible applies to the coverages and to the basis of the deductible indicated by the placement of the deductible amount in the Schedule above. The deductible amount stated in the Schedule above applies as follows:

    **1. PER CLAIM BASIS.** If deductible amount indicated in the Schedule above is on a per claim basis, the deductible applies under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all sustained by any one person because of "bodily injury", "property damage" and any Supplementary Payments combined as the result of any one "occurrence" damages

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

If damages are claimed for care, loss of services or death resulting at any time from "bodily injury", a separate deductible amount will be applied to each person making a claim for such damages.

With respect to "property damage", person includes an organization.

 **2.**   **PER OCCURRENCE BASIS**. If the deductible amount indicated in the Scheduled above is on a "per occurrence" basis, the deductible amount applies as under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all damages because of "bodily injury" and "property damage" and Supplementary Payments combined as the result of any one "occurrence", regardless of the number of persons or organizations who sustain damages because of that "occurrence".

**C.**   The terms of this insurance, including those with respect to:

 **1.**   Our right and duty to defend the insured against any "suits" seeking those damages; and

 **2.**   Your duties in the event of an "occurrence", claim, or "suit";

apply irrespective of the application of the deductible amount.

**D.**   We may pay any part or the entire deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken; you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

CBL 1926 0710.

 3.21 The 12-13 Policy contains form CBL 1926 0811, which contains the following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**SUBCONTRACTORS – CONDITIONAL DEDUCTIBLE LIABILITY INSURANCE**

This endorsement modifies insurance provided under the following:

Page 31 -   PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Coverage | Amount and Basis of Deductible | |
|---|---|---|
| | **PER CLAIM** | **PER OCCURRENCE** |
| Bodily      Injury Liability   and/or Property      Damage Liability Combined | $                      or | $ 15,000 |

**A.** If, at the time of an "occurrence" that involves a subcontractor working on your behalf, any of the below conditions are not met with regard to such subcontractor:

    **1.** You had on file at the time the work commenced a valid certificate of insurance evidencing Commercial General Liability Coverage (occurrence form), for ongoing operations and "products completed operations hazards", for the work performed by the subcontractor and you can produce that certificate for us when we ask for it; and

    **2.** That certificate of insurance was with an insurance company with an A.M. Best rating of A- or better at the time of certificate issuance; and

    **3.** The limits on the certificate were equal to or greater than $1,000,000 Each Occurrence Limit, $2,000,000 General Aggregate Limit (Other than Products-Completed Operations), and $1,000,000 Products-Completed Operations Aggregate Limit; and

    **4.** You were named as an additional insured on the subcontractor's policy for both ongoing operations and "products-completed operations hazard";

    our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule arising out of any covered acts of such subcontractor working for you or on your behalf.

**B.** The deductible applies to the coverages and to the basis of the deductible indicated by the placement of the deductible amount in the Schedule above. The deductible amount stated in the Schedule above applies as follows:

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

**1. PER CLAIM BASIS**. If deductible amount indicated in the Schedule above is on a per claim basis, the deductible applies under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all sustained by any one person because of "bodily injury", "property damage" and any Supplementary Payments combined as the result of any one "occurrence".

If damages are claimed for care, loss of services or death resulting at any time from "bodily injury", a separate deductible amount will be applied to each person making a claim for such damages.

With respect to "property damage", person includes an organization.

**2. PER OCCURRENCE BASIS**. If the deductible amount indicated in the Scheduled above is on a "per occurrence" basis, the deductible amount applies as under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all damages because of "bodily injury" and "property damage" and Supplementary Payments combined as the result of any one "occurrence", regardless of the number of persons or organizations who sustain damages because of that "occurrence".

**C.** The terms of this insurance, including those with respect to:

**1.** Our right and duty to defend the insured against any "suits" seeking those damages; and

**2.** Your duties in the event of an "occurrence", claim, or "suit";

apply irrespective of the application of the deductible amount.

**D.** We may pay any part or the entire deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken; you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

CBL 1926 0811.

3.22    The 2013 Policy and 13-14 Policy contain form CBL 1926a 0811, which

contains the following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

Page 33 -   PLAINTIFFS' COMPLAINT FOR
            DECLARATORY JUDGMENT

## SUBCONTRACTORS - CONDITIONAL
## DEDUCTIBLE LIABILITY INSURANCE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| Coverage | Amount and Basis of Deductible | |
|---|---|---|
| | **PER CLAIM** | **PER OCCURRENCE** |
| Bodily Injury Liability and/or Property Damage Liability Combined | $          or | $ 15,000 |

**A.** If, at the time of an "occurrence" that involves a subcontractor working on your behalf, any of the below conditions are not met with regard to such subcontractor:

    **1.** You had on file at the time the work commenced a valid certificate of insurance evidencing Commercial General Liability Coverage (occurrence form), for ongoing operations and "products completed operations hazards", for the work performed by the subcontractor and you can produce that certificate for us when we ask for it; and

    **2.** That certificate of insurance was with an insurance company with an A.M. Best rating of A- or better at the time of certificate issuance; and

    **3.** The limits on the certificate were equal to or greater than $1,000,000 Each Occurrence Limit, $2,000,000 General Aggregate Limit (Other than Products-Completed Operations), and $1,000,000 Products-Completed Operations Aggregate Limit; and

    **4.** You were named as an additional insured on the subcontractor's policy for both ongoing operations and "products-completed operations hazard"; and

    **5.** Pursuant to a written contract, the subcontractor agrees to defend and indemnify you for liability arising out of the subcontractor's work.

    our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on

Page 34 - PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule arising out of any covered acts of such subcontractor working for you or on your behalf.

**B.** The deductible applies to the coverages and to the basis of the deductible indicated by the placement of the deductible amount in the Schedule above. The deductible amount stated in the Schedule above applies as follows:

**1. PER CLAIM BASIS**. If deductible amount indicated in the Schedule above is on a per claim basis, the deductible applies under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all sustained by any one person because of "bodily injury", "property damage" and any Supplementary Payments combined as the result of any one "occurrence".

If damages are claimed for care, loss of services or death resulting at any time from "bodily injury", a separate deductible amount will be applied to each person making a claim for such damages.

With respect to "property damage", person includes an organization.

**2. PER OCCURRENCE BASIS**. If the deductible amount indicated in the Scheduled above is on a "per occurrence" basis, the deductible amount applies as under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all damages because of "bodily injury" and "property damage" and Supplementary Payments combined as the result of any one "occurrence", regardless of the number of persons or organizations who sustain damages because of that "occurrence".

**C.** The terms of this insurance, including those with respect to:

**1.** Our right and duty to defend the insured against any "suits" seeking those damages; and

**2.** Your duties in the event of an "occurrence", claim, or "suit";

apply irrespective of the application of the deductible amount.

**D.** We may pay any part or the entire deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken; you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

Page 35 -  PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

Williams, Kastner & Gibbs PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

CBL 1926a 0811.

3.23    The 09-10 Policy and 11-12 Policy each contain form CBL 1906 0408,

which contains the following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – PROFESSIONAL**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

The following exclusions are added to **Section I — Coverages, Coverage A Bodily Injury And Property Damage Liability and to Coverage B Personal And Advertising Injury Liability**:

This insurance does not apply to:

**Professional Liability**

"Bodily injury", "property damage" or "personal and advertising injury" which would not have occurred in whole or part but for the rendering or failure to render any of the following professional services by or for you:

**a.** The preparing, approving, or failing to prepare or approve maps, plans, drawings, opinions, reports, surveys, soil reports, change orders, designs or specifications.

**b.** Failing to adequately follow the recommendations in soil engineering reports or failing to obtain soil engineering reports.

**c.** Inspection, construction management, or engineering services.

**d.** Sale of real estate by real estate agents or brokers.

CBL 1906 0408.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

3.24    The 12-13 Policy, 2013 Policy, and 13-14 Policy each contain form CBL

1914 1111, which contains the following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION - CONSTRUCTION MANAGEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

The following exclusions are added to **Section I — Coverages, Coverage A, Bodily Injury And Property Damage Liability and to Coverage B, Personal And Advertising Injury Liability**:

This insurance does not apply to:

**Construction Management or Consulting**

"Bodily injury", "property damage" or "personal and advertising injury" arising out of, or resulting from, any insured acting as a construction manager or construction consultant.

For the purposes of this exclusion construction management or consulting means those operations undertaken to manage or consult on construction activities or plans when the insured does not perform, or directly contract with subcontractors to perform the actual construction activities on which they are consulting or managing.
All other terms and conditions of this policy remain unchanged.

CBL 1914 1111.

3.25    Other language from one or more of the above policies may apply to the

claims against Keyway as described below, and Plaintiffs reserve the right to supplement

and/or amend their Complaint, as permitted by law.

Page 37 -    PLAINTIFFS' COMPLAINT FOR
             DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

B.      **The Underlying Lawsuit**

3.26    Based on information and belief, the Project was originally built in approximately 1968.

3.27    Based on information and belief, the Project consists of multiple wood-framed structures, including one-, two- and three-story apartment buildings, a recreational center, a clubhouse, a leasing office, and common facilities.

3.28    Based on information and belief, Cedar Mill purchased the Project in or about 2007 for $53 million.

3.29    Based on information and belief, Cedar Mill hired Keyway as a general contractor for renovation work at the Project shortly after purchasing the Project in 2007.

3.30    Based on information and belief, Keyway hired various subcontractors, including but limited to, R. Klindtworth Roofing; Alltek Solutions, Inc.; Triple R Solutions, LLC; Cashatt Construction; Great Northwest Gutters, LLC; SEA Corp.; and SMC Concrete, Inc. (collectively the "Subcontractors") to perform work at the Project.

3.31    Based on information and belief, Hospitality Management, Inc. ("HMI") also performed work at the Project, but was not hired by, nor contracted with, Keyway.

3.32    Based on information and belief, the owners of Cedar Mill are also the owners and/or operators of HMI.

3.33    Based on information and belief, Keyway hired R. Klindtworth Roofing to complete the renovation work on the roofs at the Project.

3.34    Based on information and belief, R. Kindtworth Roofing completed all of the roofing work at the Project.

Page 38 -   PLAINTIFFS' COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

3.35    Based on information and belief, the renovation work at the Project began in the fall of 2007 and ended on or about September 2010.

3.36    Based on information and belief, renovation work on the roofs at the Project ended in 2009.

3.37    Based on information and belief, there were reports of water intrusion prior to Cedar Mill's purchase of the Project in or about 2007.

3.38    Based on information and belief, the Project continued to sustain continuous and repeated water intrusion into the building envelope after Cedar Mill's purchase of the Project in or about 2007.

3.39    Cedar Mill kept a "leak log" to document reports of water intrusion at the Project.

3.40    Based on information and belief, representatives of Keyway and R. Kindtworth Roofing were repeatedly asked to make repairs to the Project to repair water intrusion from 2010 through at least 2012.

3.41    Based on information and belief, Cedar Mill hired at least one outside consultant, Schaber Roof Consultants, Inc. ("Schaber"), by February 1, 2013 to investigate water intrusion at the Project.

3.42    On February 1, 2013, Brian Frank of Keyway and Tom Clarey of Cedar Mill met with representatives of Schaber to discuss water intrusion at the Project.

Page 39 -   PLAINTIFFS' COMPLAINT FOR
                  DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

3.43    On or about September 14, 2015, Cedar Mill filed a lawsuit against Keyway and R. Klindtworth Roofing, Inc. in the Circuit Court of the State of Oregon in Washington County, Cause No. C154229CV (hereinafter "Underlying Complaint"). Attached hereto as **Exhibit F** is a copy of the Underlying Complaint.

3.44    On or about October 26, 2015, Keyway filed a Third-Party Complaint against many of the Subcontractors and HMI.

3.45    On or about September 9, 2016, Cedar Mill filed a First-Amended Complaint against Keyway, R. Klindtworth Roofing, Inc., Krank Consulting, Inc., and Reiter Design Group Architects, Inc. (hereinafter "First Amended Underlying Complaint").  Attached hereto as **Exhibit G** is a copy of the First Amended Underlying Complaint.

3.46    On or about November 8, 2016, Cedar Mill filed a Second-Amended Complaint against Keyway, R. Klindtworth Roofing, Inc., Krank Consulting, Inc., and Reiter Design Group Architects, Inc. (hereinafter "Second Amended Underlying Complaint").  Attached hereto as **Exhibit H** is a copy of the Second Amended Underlying Complaint.

3.47    In the Second Amended Underlying Complaint, Cedar Mill alleged that it hired Keyway to act as the general contractor for the renovation work at the Project.

3.48    In the Second Amended Underlying Complaint, Cedar Mill alleged that it discovered construction defects resulting in property damage, water leakage, water damage and hidden property damage at the Project.

Page 40 -   PLAINTIFFS' COMPLAINT FOR
                        DECLARATORY JUDGMENT

                                                                    **Williams, Kastner & Gibbs PLLC**
                                                                    1515 SW Fifth Avenue, Suite 600
                                                                    Portland, OR 97201-5449
                                                                    Phone: (503) 228-7967

5923108.2

3.49    In the Second Amended Underlying Complaint, Cedar Mill alleged that these conditions were the result of negligent construction defects, negligent design defects, negligent violation of applicable state and local building codes, negligent violations of relevant industry standards, failure to comply with manufacturer installation instructions, and/or negligent professional design defects.

3.50    In the Second Amended Underlying Complaint, Cedar Mill alleged that the property damage to the Project included damage to roofs and overhangs, attics, wall and cladding systems, concrete flatwork, and firewalls, at the Project.

3.51    In the Second Amended Underlying Complaint, Cedar Mill alleged that it incurred loss of use, lost rental days, reduced occupancy, displacement and/or relocation of tenants, and property damage to various other components of the Project.

3.52    In the Second Amended Underlying Complaint, Cedar Mill alleged that the alleged damages were the direct and proximate result of the negligence of Keyway and others, in its faulty development; inadequate design and design supervision; use of inadequate, defective, or deficient materials and/or workmanship; inadequate supervision of installation and workmanship; noncompliance with applicable state and local building codes; violation of relevant manufacturers' specifications and/or installation instructions; and violation of relevant industry standards.

3.53    In the Second Amended Underlying Complaint, Cedar Mill asserted negligence and breach of contract claims against Keyway.

3.54    In the Second Amended Underlying Complaint, Cedar Mill alleged that it had incurred damages no less than $16,000,000.

Page 41 -   PLAINTIFFS' COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

3.55    In the Second Amended Underlying Complaint, Cedar Mill seeks an award of its costs incurred in pursuing the underlying lawsuit against Keyway.

**C.**    **Century/United Specialty Are Defending Keyway Under A Reservation of Rights**

3.56    On or about September 9, 2015, Century/United Specialty sent a letter to Keyway informing it that Century/United Specialty received notice of the Underlying Complaint and that Century/United Specialty agreed to provide a defense to Keyway subject to a reservation of rights as to coverage for the Underlying Complaint.  Attached hereto as **Exhibit I** is a copy of Century/United Specialty's September 9, 2015 letter.

3.57    Century/United Specialty are currently defending, and have at all relevant times defended, Keyway in the underlying lawsuit under a reservation of rights.

## IV.  FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT – DAMAGES

4.1    Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 3.57 as if fully set forth herein.

4.2    In the Second Amended Underlying Complaint, Cedar Mill seeks certain relief from Keyway, including but not limited to, litigation costs and disbursement incurred in the lawsuit, as well as any further relief the Court deems just and equitable.

4.3    The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy provide no coverage for any relief that does not constitute "damages" under each Policy.

4.4    As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway under any of the above-referenced Policies for

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

relief sought by Cedar Mill that does not constitute covered "damages."

4.5     A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage for relief sought by Cedar Mill that does not constituted covered "damages."

4.6     As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## V.  SECOND CAUSE OF ACTION:
## DECLARATORY JUDGMENT – PROPERTY DAMAGE

5.1     Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 4.6 as if fully set forth herein.

5.2     In the Second Amended Underlying Complaint, Cedar Mill seeks recovery of certain amounts from Keyway, including but not limited to, litigation costs and disbursement incurred in the lawsuit, loss of use, lost rental days, reduced occupancy, displacement and/or relocation of tenants.

5.3     The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy provide no coverage for any monetary relief that does not constitute "property damage" under each Policy.

5.4     As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway under any of the above-referenced Policies for monetary relief sought by Cedar Mill that does not constitute covered "property damage."

5.5     A justiciable controversy exists between Century/United Specialty and

Page 43 -   PLAINTIFFS' COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage for relief sought by Cedar Mill that does not constitute covered "property damage."

5.6     As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## VI.  THIRD CAUSE OF ACTION:
## DECLARATORY JUDGMENT – OCCURRENCE

6.1     Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 5.6 as if fully set forth herein.

6.2     In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway engaged in certain conduct that caused the alleged damages.

6.3     The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy provide no coverage for acts or omissions by Keyway that do not constitute an "occurrence" under each Policy.

6.4     As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway under any of the above-referenced Policies for acts or omissions by Keyway that do not constitute a covered "occurrence."

6.5     A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage for relief sought by Cedar Mill that does not constitute a covered "occurrence."

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

6.6     As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## VII.  FOURTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – CONTRACTUAL LIABILITY EXCLUSION

7.1     Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 6.6 as if fully set forth herein.

7.2     In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway is liable for breach of contract.

7.3     The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy exclude coverage for contractual liability of Keyway except as provided by each Policy.

7.4     As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway under any of the above-referenced Policies for any claims that are excluded by the contractual liability exclusion in each Policy.

7.5     A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage for any claims that are excluded by the contractual liability exclusion in each Policy.

7.6     As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

## VIII.  FIFTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – DAMAGE TO PROPERTY EXCLUSION

8.1     Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 7.6 as if fully set forth herein.

8.2     In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway is liable for certain property damage.

8.3     The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy exclude coverage for certain property damage under the "Damage to Property" exclusion.

8.4     As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway under any of the above-referenced Policies for any property damage is excluded under the "Damage to Property" exclusion in each Policy.

8.5     A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage for any property damage that is excluded under the "Damage to Property" exclusion in each Policy.

8.6     As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

## IX.  SIXTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – DAMAGE TO YOUR PRODUCT EXCLUSION

9.1     Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 8.6 as if fully set forth herein.

9.2     In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway is liable for certain property damage.

9.3     The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy exclude coverage for certain property damage under the "Damage to Your Product" exclusion.

9.4     As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway under any of the above-referenced Policies for any property damage that is excluded under the "Damage to Your Product" exclusion in each Policy.

9.5     A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage for any property damage that is excluded under the "Damage to Your Product" exclusion in each Policy.

9.6     As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

## X.  SEVENTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – DAMAGE TO YOUR WORK EXCLUSION

10.1    Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 9.6 as if fully set forth herein.

10.2    In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway is liable for certain property damage.

10.3    The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy exclude coverage for certain property damage under the "Damage to Your Work" exclusion.

10.4    As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway under any of the above-referenced Policies for any property damage that is excluded under the "Damage to Your Work" exclusion in each Policy.

10.5    A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage for any property damage that is excluded under the "Damage to Your Work" exclusion in each Policy.

10.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

## XI.  EIGHTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – DAMAGE TO IMPAIRED PROPERTY EXCLUSION

11.1    Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 10.6 as if fully set forth herein.

11.2    In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway is liable for certain property damage.

11.3    The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy exclude coverage for certain property damage under the "Damage to Impaired Property" exclusion.

11.4    As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway under any of the above-referenced Policies for any property damage that is excluded under the "Damage to Impaired Property" exclusion in each Policy.

11.5    A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage for any property damage that is excluded under the "Damage to Impaired Property" exclusion in each Policy.

11.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

Page 49 -   PLAINTIFFS' COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

## XII.  NINTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – RECALL OF PRODUCTS, WORK OR
## IMPAIRED PROPERTY

12.1    Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 11.6 as if fully set forth herein.

12.2    In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway is liable for certain property damage.

12.3    The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy excludes coverage for certain property damage under the "Recall of Productions, Work or Impaired Property" exclusion.

12.4    As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway under any of the above-referenced Policies for any property damage that is excluded under the "Recall of Productions, Work or Impaired Property" exclusion in each Policy.

12.5    A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage for any property damage that is excluded under the "Recall of Productions, Work or Impaired Property" exclusion in each Policy.

12.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

## XIII.  TENTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – OTHER INSURANCE

13.1    Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 12.6 as if fully set forth herein.

13.2    In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway is liable for certain property damage.

13.3    The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy contain an "Other Insurance" provision that limits Century/United Specialty's obligations to provide coverage for covered losses.

13.4    Based on information and belief, Keyway has other valid and collectible insurance that is available to Keyway for the purported loss under the applicable policies.

13.5    As a result, Century/United Specialty is entitled to declaratory judgment that any duty to indemnify Keyway under any of the above-referenced Policies is limited by other valid and collectible insurance that is available to Keyway for the purported loss.

13.6    A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage based on the limitations to coverage set forth in the "Other Insurance" provision in each Policy.

13.7    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

## XIV.  ELEVENTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – CONTINUOUS OR PROGRESSIVE INJURY
## AND DAMAGE LIMITATION

14.1    Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 13.7 as if fully set forth herein.

14.2    In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway is liable for certain property damage.

14.3    The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy each contain a "Continuous or Progressive Injury and Damage Limitation" provision that limits coverage for "property damage" as provided therein.

14.4    Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway under any of the above-referenced Policies for any property damage that is not covered under the "Continuous or Progressive Injury and Damage Limitation."

14.5    Century/United Specialty is also entitled to declaratory judgment that, even if it owes a duty to indemnify Keyway for covered "property damage" under one of the above-referenced Policies, its obligation to provide indemnity coverage to Keyway is limited to a single policy period under each Policies' "Continuous or Progressive Injury and Damage Limitation" along with other terms and conditions of the Policies.

14.6    A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage based on the limitations to coverage set forth in the "Continuous or Progressive Injury and Damage Limitation" provision in each Policy.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

14.7    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## XV. TWELFTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – MOLD EXCLUSION

15.1    Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 14.7 as if fully set forth herein.

15.2    In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway is liable for certain property damage.

15.3    The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy, and 13-14 Policy each exclude coverage for certain property damage under the mold exclusion contained in each Policy.

15.4    As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway under any of the above-referenced Policies for any property damage that is excluded by the mold exclusion in each Policy.

15.5    A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage for any property damage that is excluded by the mold exclusion in each Policy.

15.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

Page 53 -   PLAINTIFFS' COMPLAINT FOR
              DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

## XVI.  THIRTEENTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – WEATHER-RELATED WATER DAMAGE TO WORK IN PROGRESS EXCLUSION

16.1    Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 15.6 as if fully set forth herein.

16.2    In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway is liable for certain property damage.

16.3    The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy, and 13-14 Policy exclude coverage for property damage that falls under the "Weather Related Water Damage to Work in Progress" exclusion.

16.4    As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway under any of the above-referenced Policies for any property damage that is excluded by the "Weather Related Water Damage to Work in Progress" exclusion in each Policy.

16.5    A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage for any property damage that is excluded by the "Weather Related Water Damage to Work in Progress" exclusion in each Policy.

16.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

## XVII.  FOURTEENTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – SUBCONTRACTOR MANAGEMENT

17.1    Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 16.6 as if fully set forth herein.

17.2    In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway is liable for certain property damage resulting from the work of certain subcontractors.

17.3    The 09-10 Policy contains a "Subcontractor Management" provision that limits Century/United Specialty's obligations to provide coverage for certain property damage resulting from the work of certain subcontractors.

17.4    To the extent that Keyway did not comply with the obligations contained in the "Subcontractor Management" provision contained this Policy for any of the subcontractors that performed work at the Project, Century/United Specialty has no obligation to provide indemnity coverage for any alleged losses caused by the work of such subcontractor.

17.5    As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway for any work by subcontractors to the extent that Keyway did not comply with its obligations contained in the "Subcontractor Management" provision in this Policy.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

17.6    A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policy to provide indemnity coverage based on the limitations to coverage set forth in the "Subcontractor Management" provision in this Policy.

17.7    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## XVIII.  FIFTEENTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – SUBCONTRACTORS - CONDITIONAL DEDUCTIBLE LIABILITY INSURANCE

18.1    Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 17.7 as if fully set forth herein.

18.2    In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway is liable for certain property damage resulting from the work of certain subcontractors.

18.3    The 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy contain a "Subcontractor – Conditional Deductible Liability Insurance" provision that limits Century/United Specialty's obligations to provide coverage for property damage resulting from the work of certain subcontractors.

18.4    To the extent that Keyway did not comply with the obligations contained in the "Subcontractor – Conditional Deductible Liability Insurance" provision contained in each of these Policies for any and all of the subcontractors that performed work at the Project, Century/United Specialty has no obligation to provide coverage for any alleged property damage caused by the work of such subcontractors.

Page 56 -   PLAINTIFFS' COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

18.5    As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway for any property damage resulting from the work of certain subcontractors to the extent that Keyway did not comply with its obligations contained in the "Subcontractor – Conditional Deductible Liability Insurance" provision in these Century/United Specialty Policies.

18.6    A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage based on the limitations to coverage set forth in the "Subcontractor – Conditional Deductible Liability Insurance" provision in each of these Policies.

18.7    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

**XIX.  SIXTEENTH CAUSE OF ACTION:
DECLARATORY JUDGMENT – LIMITS OF INSURANCE**

19.1    Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 18.7 as if fully set forth herein.

19.2    In the Second Amended Underlying Complaint, Cedar Mill alleges that Keyway is liable for certain property damage in the amount of $16,000,000.

19.3    The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy contain a "Limit of Insurance" provision that limits Century/United Specialty's obligations to provide coverage for covered losses.

Page 57 -    PLAINTIFFS' COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

19.4    As a result, Century/United Specialty is entitled to declaratory judgment that any duty to indemnify Keyway under any of the above-referenced Policies is limited by the terms and conditions of the policy, including but not limited to the "Limit of Insurance" provision in each Policy.

19.5    A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage based on the limitations to coverage set forth in the "Limit of Insurance" provision in each Policy.

19.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

**SEVENTEENTH CAUSE OF ACTION:**
**XX.  DECLARATORY JUDGMENT – CONSTRUCTION MANAGEMENT EXCLUSION**

20.1    Century/United Specialty realleges each of the allegations contained in Paragraphs 1.1 through 19.6 as if fully set forth herein.

20.2    Upon information and belief, Cedar Mill seeks to hold Keyway liable for certain property damage as a result of construction management activities performed by Keyway.

20.3    The 09-10 Policy, 11-12 Policy, 12-13 Policy, 2013 Policy and 13-14 Policy exclude coverage for certain property damage under the "Construction Management" exclusion.

Page 58 -   PLAINTIFFS' COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

20.4    As a result, Century/United Specialty is entitled to declaratory judgment that it owes no duty to indemnify Keyway under any of the above-referenced Policies for any property damage is excluded under the "Construction Management" exclusion in each Policy.

20.5    A justiciable controversy exists between Century/United Specialty and Keyway with respect to their duties and obligations under the above-referenced Policies to provide indemnity coverage for any property damage that is excluded under the "Construction Management" exclusion in each Policy.

20.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## **PRAYER FOR RELIEF**

Plaintiffs Century/United Specialty pray for the following relief:

1.      Declaratory judgment for Century/United Specialty that they owe no duty to indemnify Keyway in the Underlying Lawsuit pursuant to above-referenced Policies for any claims and/or damages not covered by these Policies;

2.      Declaratory judgment for Century/United Specialty that they owe no duty to indemnify Keyway beyond a single policy limit of $1,000,000 for all claims and/or alleged damages in the Underlying Lawsuit; and

Page 59 -   PLAINTIFFS' COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5923108.2

3.      Such other and further relief as the Court deems just and equitable.

DATED this 18th day of January, 2017.

s/ Eliot M. Harris OSB #116968
WILLIAMS, KASTNER & GIBBS PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967
*Attorneys for Plaintiffs Century Surety*
*Company and United Specialty Insurance*
*Company*

Page 60 -   PLAINTIFFS' COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967